UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/13/2024
```

-------------------------------------------------------------X

GABRIELA LAXA and TALIA RIVERA,      :
                                     :
            Plaintiffs,              :      **ORDER**
                                     :
      -v-                            :      23-CV-5333 (JLC)
                                     :
                                     :
CIM GROUP L.P. *et al.*,             :
                                     :
            Defendants.              :
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

Following their report that they had reached a settlement following their participation in a mediation under the auspices of this Court's Mediation Program (Dkt. No. 28), the parties in this wage-and-hour and employment discrimination case have consented to my jurisdiction under 28 U.S.C. § 636(c) for purposes of reviewing the wage-and-hour component of their proposed settlement (Dkt. No. 31), and they have now submitted a letter in support of settlement along with their proposed settlement agreement ("Agreement") (Dkt. Nos. 36, 36-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).[1]  In this case,

---

[1] While the Second Circuit "has not ruled directly on the permissibility of bifurcated settlements" such as this one, *Pavone v. Diesel U.S.A., Inc.*, No. 21-CV-5219 (PAE), 2022 WL 1177344, at *2 (S.D.N.Y. Mar. 2, 2022) (citing *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 607 n.12 (2d Cir. 2020) ("We do not have such a bifurcated settlement before us and thus we do not decide whether the settlement of state law claims paired with FLSA claims requires judicial approval"),"[t]here is authority for a bifurcated settlement agreement, in which the parties submit their wage-and-hour agreement for court review and approval on the public record, but they enter into a separate and confidential settlement agreement with respect to the [non-wage-and-hour claims]." *Ortiz v. Breadroll, LLC*, No. 16-CV-7998 (JLC), 2017 WL 2079787, at

plaintiff Talia Rivera alleged, *inter alia*, violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law.[2]

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought, in part, under the FLSA, as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

Having carefully reviewed the letter in support of settlement as well as the proposed settlement agreement, the Court finds that all of the terms of the proposed settlement agreement (including the allocation of attorney's fees) appear to be fair and reasonable under the totality of the circumstances and in light of the factors

---

*2 (S.D.N.Y. May 15, 2017) (citing *Yunda v. Safi-G, Inc.*, No. 15-CV-8861 (HBP), 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017) (approving submission of two settlement agreements, one resolving plaintiff's FLSA claims that required court approval under *Cheeks* and the other resolving plaintiff's claims under New York Labor Law that did not require approval under *Cheeks* and containing a confidentiality clause, among other provisions); *Abrar v. 7-Eleven, Inc.*, No. 14-CV-6315 (ADS) (AKT), 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016) (approving similar structure)); *but see Doe v. Solera Cap. LLC*, No. 18-CV-1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021) (stating that "where the parties enter into bifurcated settlement agreements . . . a court must take into account at least the existence of the non-FLSA settlement . . . [and] the parties may be required to submit both settlement agreements to the court"). I agree with the Court in *Pavone* that the separate settlement of plaintiffs' discrimination claims does not require judicial review. *See P*avone, 2022 WL 1177344, at *2 ("There is no basis to infer that the use of a separate agreement for non-FLSA claims has been used here to end-run legal limitations on the settlement of FLSA claims.") (citing cases).

2 Plaintiff Laxa has not asserted any wage-and-hour claims against defendants.

enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), a case considered to be a touchstone in evaluating wage-and-hour settlements.[3]  Among other things, the agreement appears to be "the product of arm's-length bargaining between experienced counsel."  *Id.*  Accordingly, the settlement of Rivera's wage-and-hour claims is hereby approved.[4]

The Court hereby retains jurisdiction to resolve any disputes arising out of the Agreement.  *See* Agreement, ¶ 11 ("[I]t is understood and agreed that this Court . . . will retain jurisdiction over the Action for purposes of enforcing this Agreement or determining breach of the Agreement").

The Clerk is respectfully directed to close this case.

**SO ORDERED.**

Dated: March 13, 2024
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[3] Although there is not a proportionality requirement, attorney's fees in FLSA cases generally amount to a third of the settlement award, as is the case here.  *See, e.g., Manjarrez v. Bayard's Ale House LLC*, No. 21-CV-1968 (OTW), 2022 WL 17363952, at *2 (S.D.N.Y. Dec. 1, 2022) (citing *Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorney fee to be paid by the defendant").  *See also Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate").  The Court's approval of the allocation of attorney's fees, however, should not be construed as an approval of the hourly rate of plaintiffs' counsel.

[4] Approval of the settlement agreement should not be deemed an approval of any tax allocations to which the parties may have agreed.